People v Samuel (2018 NY Slip Op 01487)





People v Samuel


2018 NY Slip Op 01487


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05083
 (Ind. No. 15-00263)

[*1]The People of the State of New York, respondent,
v
Roshan Samuel, appellant.


Riebling, Proto & Sachs, LLP, White Plains, NY (Nina Y. Lee of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered April 20, 2016, convicting him of disseminating indecent material to minors in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of disseminating indecent material to minors in the first degree (two counts) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilty of disseminating indecent material to minors in the first degree (two counts) was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contentions, the Supreme Court properly limited the scope of the defendant's cross-examination of the victim (see CPL 60.43). Moreover, the court's evidentiary rulings were proper in all respects.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court